UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

KUM NEO KIM,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Kum Neo Kim, sues Defendant, Carnival Corporation, and alleges:

### A. Case Summary

1. This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line as a result of an incident involving a collapsing bench in a sauna.

### B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a) The Plaintiff is a citizen of Georgia.

    (b) the Defendant is a citizen of the Republic of Panama and the state of Florida, as it is a corporation incorporated under the laws of the Republic of Panama and as its principal place of business is in Florida; and

    (c) The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### C. Rule 9(h)(1) Designation: Diversity Jurisdiction

3. In addition to falling within the court's diversity jurisdiction, this case also falls within the court's admiralty/maritime jurisdiction and is governed by the general maritime law because the accident happened on a ship sailing in navigable waters and because the ship was engaged in an activity (pleasure cruising) bearing a substantial relationship to traditional maritime activity. Nevertheless, the Plaintiff designates this claim as one brought at

law under the court's diversity-of-citizenship jurisdiction. (And although this claim is brought at law rather than in admiralty, it is still governed by the general maritime law.)

### D.  Venue

4. The Plaintiff has filed this action here because the Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Miami, Florida. (The Plaintiff only reluctantly brings this case in federal court, however: she wanted to bring this case in state court, as is her right under the "saving clause" of 28 U.S.C. § 1333(1), but the Defendant's forum-selection clause has forced her into federal court instead.)

### E.  One Count of Negligence: Unsafe Bench

5. The Defendant, Carnival Corporation, owns and operates a cruise ship, *Carnival Liberty*, that sailed from Port Canaveral, Florida, on November 6, 2023, on a four-night cruise to the Bahamas.

6. The Plaintiff, Kum Neo Kim, then age 62, and her husband were fare-paying passengers on that cruise.

7. On or about November 8, 2023, while the *Carnival Liberty* sailed in navigable waters in the Atlantic Ocean, Ms. Kim went to the sauna in the ship's spa.

8. When Ms. Kim sat on a wooden bench in the sauna, the bench collapsed, causing Ms. Kim to fall and injure herself.

9. Carnival owed Ms. Kim a duty of reasonable care while Ms. Kim was onboard ship.

10. Carnival breached its duty of care by failing to ensure that the wooden benches in the sauna were safe to sit upon.

11. Carnival's breach caused Ms. Kim's fall.

12. When Ms. Kim fell, she suffered bodily injury and resulting pain and suffering, disability, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will continue to suffer these losses in the future.

13. Carnival had constructive knowledge of this hazard, for it takes a significant time— many months—for a wooden bench such as the one that collapsed here to become so worn out and deteriorated that it collapses when a small person such as Ms. Kim sits down on it. This type of deterioration happens over a period of months, and is due to wear and tear. And it is easily spotted during routine maintenance. So this hazard existed for a sufficient length of time that Carnival —in the performance of its duty of reasonable care—had plenty of time to discover it and fix it.

14. Additionally, the doctrine of res ipsa loquitur applies here, and raises an inference of negligence on Carnival's part because (1) the injured party was without fault, (2) the instrumentality causing the injury was under the exclusive control of the Defendant, and (3) the mishap is of a type that ordinarily does not occur in the absence of negligence. (And "[n]o act need be explicable only in terms of negligence in order for the rule of res ipsa loquitur to be invoked." *Terry v. Carnival Corp.*, 3 F. Supp. 3d 1363, 1372 (S.D. Fla. 2014)).

15. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

### F. Request for Jury Trial

The Plaintiff respectfully demands a jury trial.

Dated: October 21, 2024

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, Kum Neo Kim